UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN GAMBON,

    Plaintiff,

CASE NO.: 6:14-cv-403-ORL-18-GJK

-VS-

R & F ENTERPRISES INC.,

**JURY TRIAL DEMANDED**

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, BRIAN GAMBON (hereinafter "Plaintiff"), alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Brevard County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

5. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant, R & F ENTERPRISES INC. (hereinafter "Defendant"), is a corporation which was formed in with its principal place of business at 12862 Garden Grove Blvd, Garden Grove, CA 92843 and is conducting business in the state of Florida.

7. Defendant called the Plaintiff approximately three hundred (300) times since June 2013, in an attempt to get Plaintiff to utilize their credit consolidation/repair services.

8. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

9. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Each call Defendant made to the Plaintiff's cell phones were done so without the "express permission" of the Plaintiff.

11. Beginning on or about June 2013, Plaintiff began receiving automated calls from the Defendant to his two cell phones.

12. Defendant's calls to Plaintiff's cellular telephones were performed in hopes that Plaintiff would agree to utilize the Defendant's credit repair/consolidation services.

13. On multiple occasions the Plaintiff spoke to agents of Defendant and requested to be removed from their automated system as he does not wish to be called and has no interest in their services.

14. Plaintiff has never had any business dealings with Defendant nor utilized their services in the past, Plaintiff is not aware of how Defendant acquired his numbers.

15. Upon being instructed by the Plaintiff he no longer wished to be called, some agents of the Defendant would respond that they remove his number, however that it would take twenty-four (24) to forty-eight (48) hours for the number to be removed from this system, this never occurred however as the calls continued unabated.

16. Upon receiving continued calls despite claiming they were going to remove his number, the Plaintiff would call the Defendant back and inquire as to why he was still getting calls, to which the Defendant's agent would inform him that he should stop answering his phone, as eventually his number will be removed.

17. On other occasions when the Plaintiff would inform the Defendant he did not wish to be called anymore, the agent of the Defendant would then abruptly hang up on the Plaintiff without further word.

18. Eventually the Plaintiff ceased answering the calls from the Defendant as he became aware that nothing he said to them would get them to stop calling him; however the calls continued even when Plaintiff no longer responded to the Defendant's calls.

19. Due to the sheer volume of calls, Plaintiff was not able to keep track of every single call he received, however below is a small sampling of the calls Plaintiff received from Defendant:

   i)     June 26, 2013 at 10:31 am
   ii)    June 28, 2013 at 12:52 pm
   iii)   July 2, 2013 at 9:20 am
   iv)    July 8, 2013 at 12:46 pm
   v)     July 12, 2013 at 9:15 am
   vi)    July 12, 2013 at 6:01 pm
   vii)   July 15, 2013 at 1:11 pm
   viii)  July 19, 2013 at 12:55 pm
   ix)    July 23, 2013 at 12:00 pm
   x)     August 13, 2013 at 6:07 pm
   xi)    September 12, 2013 at 3:20 pm
   xii)   September 23, 2013 at 4:35 pm

xiii) September 24, 2013 at 5:30 pm

xiv) October 4, 2013 at 12:30 pm

xv) January 6, 2014 at 1:20 pm

xvi) January 7, 2014 at 2:25 pm

xvii) January 8, 2014 at 7:04 pm

20. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephones in this case.

21. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephones in this case, with no way for the consumer, or Defendant, to stop the unwanted calls.

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

23. Defendant's corporate policy provided no means for the Plaintiff to have his numbers removed from the call list.

24. Defendant has a corporate policy to repeatedly call and harass individuals in an attempt to coerce them to utilize their services despite actual knowledge that the called parties are not interested in the Defendant's credit repair/consolidation services.

25. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephones by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff